## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 30 2019, 10:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ernest P. Galos
Deputy Public Defender
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

R.C.,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 30, 2019

Court of Appeals Case No.
19A-JV-800

Appeal from the St. Joseph Probate Court

The Honorable Jason A. Cichowicz, Judge

The Honorable Graham C. Polando, Magistrate

Trial Court Cause No.
71J01-1710-JD-379

**Najam, Judge.**

## Statement of the Case

[1] R.C. appeals the juvenile court's award of guardianship over him to the Department of Correction after R.C. had repeatedly failed to comply with the terms of his probation and suspended commitment. R.C. raises a single issue for our review, namely, whether the juvenile court abused its discretion when it awarded guardianship over him to the Department of Correction. We affirm.

## Facts and Procedural History

[2] In November of 2017, R.C. admitted to having committed burglary, as a Level 4 felony when committed by an adult. The juvenile court adjudicated R.C. a delinquent and placed him under the supervision of the St. Joseph County Juvenile Probation Department.

[3] In August of 2018, the probation department filed a modification report with the court. In that report, the probation department alleged that R.C. had accumulated "eight unexcused absences" from his school since the start of that school year and that he had had multiple violations of his summer program's rules, including "using disrespectful language towards a staff member" and being "sent home for using inappropriate websites." Appellant's App. Vol. III at 11. After a hearing on that report, the juvenile court ordered R.C. to serve thirty days in the St. Joseph County Juvenile Justice Center, but the court stayed that term conditioned upon, among other things, R.C. obtaining part-time employment and complying with previously ordered conditions.

[4] In November of 2018, the probation department filed a second modification report with the court. In the second report, the probation department alleged that R.C. had "failed out of Day Reporting due to poor attendance" and for being "disrespectful" to staff. Appellant's App. Vol. II at 74. The report also stated that R.C. had been placed "on Homebound by Rise Up Academy staff due to his attendance and grades. For the first semester[, R.C.] received three F's, and two D's. He accumulated 80 unexcused absences and 21 tardies." *Id.* R.C. had also "not been consistent" or "receptive to meeting with his caseworker." *Id.*

[5] On March 12, 2019, the court held a hearing on the second modification report. Following that hearing, the juvenile court found in relevant part:

> Reasonable efforts were made to prevent or eliminate the need for removal, including: Educational services, Tutoring, Family Engagement, Community services, Drug Screens, [and] Day Reporting.
>
> These efforts did not prevent removal of the child because [t]he child continues to not follow the standard probation rules.
>
> These efforts were reasonable because: Efforts were reasonable as determined by risk/needs assessment tool.
>
> It is in the best interests of the child to be removed from the home environment and remaining in the home would be contrary to the health and welfare of the child because: Juvenile is unwilling to cooperate with services.

> The court has investigated or has made provisions for the delivery of the most appropriate services from those available to prevent the child's placement out of the child's home or to reunify the child and family.
>
> Said child is in need of supervision, care, treatment and services which are NOT available in the local community.
>
> The child is in need of services beyond those which can be provided through probation services.
>
> There is no available person or facility in St. Joseph County . . . which can provide the child with the necessary services.
>
> Suitable relative placement was explored and could not be found.
>
> Said [c]hild should be removed from the home because continuation in the home would not be in the best interest of the child.

*Id.* at 13-14. The court then concluded that awarding guardianship over R.C. to the Department of Correction was appropriate because that modification was "the least restrictive alternative to insure the child's welfare and rehabilitation and the safety and welfare of the community" and because "[l]esser restrictive means of controlling the child's behavior have been investigated or tried." *Id.* at 14. This appeal ensued.

# Discussion and Decision

[6] R.C. challenges the juvenile court's order that he be placed in the wardship of the Department of Correction.[1] As the Indiana Supreme Court has explained:

> The specific disposition of a delinquent is within the juvenile court's discretion, to be guided by the following considerations: the safety of the community, the best interests of the child, the least restrictive alternative, family autonomy and life, freedom of the child, and the freedom and participation of the parent, guardian, or custodian. We reverse only for an abuse of discretion, namely a decision that is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.

*K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006) (citations and quotation marks omitted).

[7] The trial court did not abuse its discretion when it awarded guardianship over R.C. to the Department of Correction. The record is clear that the juvenile court gave R.C. numerous opportunities at less-restrictive placements, with which opportunities R.C. repeatedly declined to cooperate. In particular, R.C. had numerous absences from and tardies at various programs and school; he was repeatedly disrespectful to service providers; and he was simply unwilling to conform his behavior to the standards required by those less-restrictive

---

[1] We decline the State's invitation to find that R.C. has waived appellate review of his placement, which the State asserts is appropriate because R.C. failed to request the transcript of a continued hearing to be included in the record on appeal.

placements. The juvenile court was not required to continue offering such opportunities to R.C. *See, e.g.*, *K.A. v. State*, 775 N.E.2d 382, 387 (Ind. Ct. App. 2002), *trans. denied*.

[8] Nonetheless, R.C. asserts that the juvenile court abused its discretion because it placed him under the wardship of the Department of Correction just three days before he turned eighteen years of age. According to R.C., because the juvenile court would not have been permitted to award guardianship over him to the Department of Correction once he turned eighteen, the court's decision here is evidence that "the decision was punitive rather than rehabilitative." Appellant's Br. at 17.

[9] We cannot agree. Again, as the juvenile court succinctly found, "[l]esser restrictive means of controlling [R.C.'s] behavior have been investigated or tried." Appellant's App. Vol. II at 14. The juvenile court's placement decision was not contrary to law, and the court's exercise of its discretion was not contrary to the facts and circumstances before the court. We affirm the juvenile court's placement decision.

[10] Affirmed.

Bailey, J., and May, J., concur.